## Case No. 11,433.

### In re PRINCETON.

[2 Biss. 116;[1] 1 N. B. R. 618 (Quarto, 178); 1 Am. Law T. Rep. Bankr. 125.]

District Court, D. Wisconsin. Feb., 1869.

BANKRUPTCY — PROOF OF SECURED DEBT — RELINQUISHMENT OF SECURITY.

A creditor accepting a chattel mortgage with reasonable cause to believe his debtor insolvent, and such act being declared an act of bankruptcy, cannot, by relinquishing his mortgage, become entitled to prove his debt.

[Cited in Re Colman, Case No. 3,021; Re Dewey, Id. 3,849; Re Tonkin, Id. 14,094; Re Randall, Id. 11,552; Re Walton, Id. 17,130.]

In bankruptcy. This was a motion on behalf of the general creditors of Thomas Princeton, the bankrupt, to expunge the proofs filed by certain mortgagees, on the ground that the giving and receiving of their mortgages was a preference, and a fraud on the bankrupt act [of 1867 (14 Stat. 517)].

Finches, Lynde & Miller, for creditors.

J. M. Gillett, for mortgagees.

MILLER, District Judge. The petition of creditors against this debtor represents as the cause of bankruptcy that he, being insolvent and unable to pay his debts and with intent of giving preference to certain creditors therein named, made seven chattel mortgages of his entire stock of goods. It is also shown that the aggregate amount of the mortgages exceeds the value of the goods; and that an agent of the mortgagees was in possession and had advertised the goods for sale at auction, when the marshal took them under a warrant issued on this petition.

Adjudication of bankruptcy against the debtor being made, on reference before the register to take proof of debts, objection was

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

taken to the proof of the debts of the several mortgagees. The register suspended proceedings and certified the matters for the opinion of the judge.

The objection to the proof of those debts is founded on the following provision in section 39 of the bankrupt act: "If such person (the debtor) shall be adjudged a bankrupt the assignee may recover back the money or other property so paid, conveyed, sold, assigned or transferred contrary to this act; provided, the person receiving such payment or conveyance had reasonable cause to believe that a fraud on this act was intended and that the debtor was insolvent, and such creditor shall not be allowed to prove his debt in bankruptcy."

The bankrupt act being founded upon a principle of equity and just distribution among creditors forbids an insolvent debtor parcelling out his estate to preferred creditors. It is so rigid in this particular as to provide in section 35, that where a sale or transfer of property by an insolvent debtor is not made in the usual and ordinary course of business, the fact is prima facie evidence of fraud.

The act also imposes upon creditors, in regard to their debts, duties and even forfeitures. In this case a debtor notoriously insolvent made seven chattel mortgages of his entire stock in trade to secure creditors; and an agent of those creditors being placed in possession of the mortgaged property was about to dispose of the goods at auction when the marshal seized them under the warrant. The mortgages are prima facie evidence of a fraudulent intent on the part of the debtor, but they may not be per se of such intent on the part of the creditors. If a mortgage be given to a preferred creditor, without his knowledge, as is alleged on the part of some of the mortgagees, or if a creditor upon receipt of knowledge of such preference repudiates it, the prohibition or penalty of the law in respect of his debt is not to be enforced against him. The act only prohibits the proof of a debt where the preferred creditor "had reasonable cause to believe a fraud on the act was intended, and that the debtor was insolvent." The prohibition is clearly applicable in this case to the debts of those creditors who had reasonable cause to believe that their debtor was insolvent when they accepted the mortgages, or attempted to enforce them by a sale of the property.

It is alleged on the part of some of the preferred creditors, that they surrendered their mortgages, and should be allowed to prove their debts under the following provisions in section 23 of the act: "Any person who, after the approval of this act, shall have accepted any preference, having reasonable cause to believe that the same was made, or given by the debtor contrary to any provision of this act, shall not prove the debt or claim on account of which the preference

was made or given, nor shall he receive any dividend therefrom until he shall first have surrendered to the assignee all property, money, benefit or advantage received by him, under such preference." It will be observed that the mere acceptance of a preference by a creditor does not preclude him from proving his debt or receiving dividends. In addition to such acceptance, the creditor must have reasonable cause to believe that the preference was made or given by the debtor contrary to a provision of the act, that is, as in this case, that the debtor was insolvent. And in such case under the 39 section the assignee may recover of the preferred creditor the property received, or its value. Under sections 23 and 39, where a creditor accepts a preference with reasonable cause to believe that his debtor is committing a fraud upon the act, he is barred from proving his debt or receiving dividends unless he make return of the matter so received, and on failure to do so he may lose both and all benefit from the preference and dividends of assets.

The phraseology and intent of sections 23, 35 and 39 are different. Section 23 provides that any person who, after the approval of the act, shall have accepted any preference having reasonable cause to believe, etc. Section 35, declares void preferences and fraudulent conveyances, and limits the time of prohibition to four and six months. These provisions of the act prohibiting preferences to creditors are general directions for the administration of the act upon the principle of equity. Section 39 prescribes the several causes of involuntary bankruptcy as frauds, and authorizes proceedings against the debtor at the instance of creditors. It is made a cause of bankruptcy for an insolvent debtor to prefer a creditor in any manner therein stated. And if the debtor shall be adjudged a bankrupt, the assignee may recover back the money or property received by the preferred creditor, provided such creditor receiving such preference had reasonable cause to believe that a fraud on the act was intended, or that the debtor was insolvent, and such creditor shall not be allowed to prove his debt in bankruptcy. This prohibition as to the creditors is predicated on the adjudication of bankruptcy upon the allegation in the petition against the debtor. And the creditor having reasonable cause to believe the alleged violation of the act by the debtor, is considered a participant in the offence against the act, and is therefore prohibited from proving his debt in bankruptcy. The act requires proceedings in cases of involuntary bankruptcy to be prosecuted at great expense, and it seems just that the creditor who knowingly encourages or aids a debtor to commit a fraud on the act to the prejudice of the other creditors should be deprived of benefits under the act. It cannot be permitted to a creditor who, with reasonable cause of knowledge, has participated in such

fraud on the act as to found a proceeding against his debtor, to relinquish his intended preference, and claim to prove his debt under the 23d or any other section of the bankrupt act.

NOTE. A chattel mortgage is a conveyance of property, and when given by a debtor supposed to be insolvent is presumed fraudulent, under section 39 of the act. In re Colman [Case No. 3,021]. A creditor who receives a chattel mortgage to secure a debt. from a debtor whom he has good cause to believe insolvent, is not entitled to prove his claim. Id. A creditor who takes a preference contrary to section 39 cannot prove his debt in bankruptcy if his debtor is adjudged a bankrupt within six months thereafter on the petition of a creditor. In re Walton [Case No. 17,130]. The clause in section 39 which prevents certain creditors from proving their claims is construed to apply to those cases only in which the assignee is compelled to resort to legal proceedings to recover the property. By voluntarily surrendering the property he ceases to be a party to the fraud, and his proof is admissible. In re Davidson [Id. 3,599]; In re Montgomery [Id. 9,729]; In re Scott [Id. 12,518]; In re Hunt [Id. 6,882]. Contra, Bingham v. Richmond [Id. 1,415]; Same v. Frost [Id. 1,413].

Until judgment or decree. a preferred creditor may surrender, and his right to prove his debt against the bankrupt's estate and to receive dividends will be revived. In re Kipp [Case No. 7,836].

Where the fraud is only constructive. and not actual. the creditor should in equity have a reasonable opportunity of considering whether he will surrender his preference, and pay all the costs and charges; but his decision must precede the final decree. The entry of the final decree may be suspended for a brief period to give him such an opportunity. Hood v. Karper [Case No. 6,664].